19 Pages
1/10/2022 10:14 AM
DF: $0.00

1280067
Kathleen Neel — Summit County Recorder

## ORDINANCE NO. 20-B

## BOARD OF COUNTY COMMISSIONERS
## OF THE
## COUNTY OF SUMMIT
## STATE OF COLORADO

## A REVISED AND RESTATED ORDINANCE FOR SHORT-TERM VACATION RENTAL REGULATIONS AND REPEALING ALL ORDINANCES IN CONFLICT THEREWITH

**WHEREAS**, over the last five to ten years, the advent and increasing popularity of individuals and companies purchasing, advertising, and renting out residential properties as short-term lodging has resulted in approximately 30% of Summit County's housing stock being utilized as such short-term vacation rentals; and

**WHEREAS**, the conversion of residential properties to short-term vacation rental units has a variety of effects on the neighborhoods in which such units are located, as well as on the community as a whole, including issues with increased noise at all hours, parking problems, and trash not being kept or disposed of properly; and

**WHEREAS**, in an effort to address these problems and the concerns of the community, the Board of County Commissioners previously adopted an amendment to the Summit County Land Use and Development Code ("Development Code"), which sets forth numerous regulations applicable to short-term vacation rentals and requires that short-term vacation rental operators obtain a permit from the Summit County Planning Department; and

**WHEREAS**, in conjunction with the aforementioned Development Code amendment, Summit County has contracted with an outside monitoring company to monitor the internet spaces where short-term vacation rentals are advertised to determine compliance with the regulations; and

**WHEREAS**, pursuant to C.R.S. §30-15-401(s), the Summit County Board of County Commissioners has broad authorization to promulgate, through an ordinance, regulations concerning the licensing and operation of short-term vacation rentals located within the boundaries of unincorporated Summit County;

**WHEREAS**, the Board of County Commissioners adopted Ordinance 20 on June 22, 2021, to improve the existing regulations regarding short-term vacation rentals with a licensing ordinance incorporating the then-existing regulations and providing additional provisions addressing the granting, enforcement, and revocation of a short-term vacation rental license; and

**WHEREAS**, Ordinance 20 also designated the Summit County Planning Department as the department responsible for processing applications for short-term vacation rental licenses; and

EXHIBIT
2

**WHEREAS**, given the Planning Department's familiarity and experience with regulating short-term rentals both before and after the adoption of Ordinance 20, the Board of County Commissioners wishes to continue to designate the Planning Department as the licensing entity for short-term vacation rental licensing; and

**WHEREAS**, since the adoption of Ordinance 20, the housing crisis in Summit County has continued to present challenges and the steady increase of short-term vacation rentals in unincorporated Summit County has continued without pause; and

**WHEREAS**, data shows that the percentage of new short-term vacation rental licenses outside of Summit County's resort areas is increasing, while the stock of seasonal and long-term rental as well as local worker ownership housing, which has traditionally been located in those non-resort areas, is decreasing; and

**WHEREAS**, the majority of citizen complaints regarding short-term vacation rentals come from the non-resort, neighborhood areas; and

**WHEREAS**, on September 14, 2021, the Board of County Commissioners adopted Resolution 2021-66, placing a moratorium on the acceptance and processing of short-term vacation rental licenses in order to allow County staff time to gather additional data and work on changes to the rules and regulations for licensing short-term vacation rentals that would help to halt the continued loss of local housing as well as better address the impacts year-round residents experience from short-term vacation rentals in their neighborhoods; and

**WHEREAS**, after numerous public work sessions and two public open houses, County staff has prepared an amended and revised Ordinance 20, which, if adopted, will be known as Ordinance 20-B; and

**WHEREAS**, the Summit County Land Use and Development Code is concurrently being amended to ensure consistency between the regulations set forth herein and the Development Code; and

**WHEREAS**, the Board of County Commissioners held a public meeting on this ordinance for a first reading on November 23, 2021 and a second reading on December 16, 2021 and have considered evidence and testimony presented at the meetings; and

**WHEREAS**, the Board of County Commissioners finds such rules and regulations are reasonable and necessary to protect the public health, safety, and welfare for both residents of and visitors to Summit County.

**NOW THEREFORE, BE IT ORDAINED, BY THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SUMMIT, STATE OF COLORADO**, that Ordinance

20-B, "Short Term Vacation Rental Regulations" is hereby adopted setting forth rules and regulations that shall apply to the licensing, advertising, and operation of short-term vacation rental units:

## SUMMIT COUNTY SHORT TERM VACATION RENTAL REGULATIONS

### SECTION 1:  GENERAL
1.1 Definitions.
- a. Unless otherwise defined herein, the words and terms used in this Ordinance shall have the meaning as set forth in the Summit County Land Use and Development Code ("Development Code").
- b. For purpose of this Ordinance, the term "short-term vacation rental property" is defined as a residential dwelling unit, or any room therein, available for lease or exchange for a term of less than thirty (30) consecutive days ("Property").
- c. STR Resort Overlay Zone: maps of the STR Resort Overlay Zone are included in Exhibit A.
- d. STR Neighborhood Overlay Zone is defined as all areas of unincorporated Summit County outside of the STR Resort Overlay Zone.

1.2 Purpose.  The purpose of this Ordinance is to
- a. Designate a department of Summit County Government to process applications for licenses for Short-Term Rentals ("STR") in unincorporated Summit County and to provide the structure by which such entity will process and review the applications.
- b. Establish comprehensive licensing regulations to safeguard the public health, safety and welfare by regulating and controlling the use, occupancy, location and maintenance of short-term vacation rental properties within the unincorporated areas of Summit County.
- c. Ensure that short-term vacation rentals are operated in a manner that is compliance with all applicable rules, laws, and regulations, as well as compatible with the surrounding neighborhood and protects the overall community character.

1.3 Applicability.  The regulations set forth in this Ordinance shall apply to short-term vacation rental Property only, as defined herein.  This Ordinance shall not apply to the furnishing of lodging services in hotels, motels, lodges or bed and breakfast establishments, timeshares / fractional ownership units within a building operating akin to that of a hotel / motel with a central check-in located within such facility, or to properties with long-term leases.

### SECTION II:  PROCEDURES
2.1 Licensing Authority.  The Summit County Planning Department is hereby designated as the review authority and enforcement agency for all STR applications and operations and is responsible for collecting fees, providing application forms, assisting the applicant with the application process, and monitoring and enforcement of this Ordinance and any applicable sections of the Development Code (collectively, the "STR Regulations").  The Planning Department shall be authorized to promulgate

all reasonable administrative rules and procedures necessary to the operation and enforcement of the STR Regulations.

2.2 <u>License Required</u>.  No person or entity may advertise or operate an STR without a valid license.

2.3 <u>Review Process</u>.  An application for an STR license shall be reviewed by the review authority as a Class 1 Development Code Application in accordance with the applicable criteria set forth in this Ordinance.

2.4 <u>Review Criteria</u>.  The Review Authority shall consider all of the required application materials and submissions and determine that all criteria have been met prior to issuing an STR license.

2.5 <u>Decision</u>.  A decision regarding the issuance of a license under this Ordinance shall be issued by the review authority pursuant to timelines set forth in the Class 1 Development Code Application Review Process once the application has been deemed complete.

2.6 <u>Appeal</u>.  If an application for a short-term vacation rental license is denied, the applicant may appeal that decision to the Community Development Director within ten (10) days of receipt of written notice of such denial; otherwise, the license denial shall be final and not subject to appeal.  All decisions by the Community Development Director may then be appealed to the BOCC pursuant to the applicable appeal procedures set forth in Section 13200 of the Development Code.

2.7 <u>Length of Validity and Renewal</u>
   a. A short-term vacation rental license shall expire on September 30 of the calendar year following the year of initial license issuance, or when title of the short-term vacation rental Property transfers to a new owner, whichever occurs first.  Each change in ownership of a short-term vacation rental Property shall require a new license.
   b. An application for renewal of a short-term vacation rental license shall be submitted at least thirty (30) days prior to expiration of the existing license.
   c. A short-term vacation rental license which is not renewed prior to expiration shall be considered expired, with the exception of the following grace period provided:
      i. When title of a short-term vacation rental Property transfers to a new owner, the new owner or Responsible Agent shall be given a 30-day grace period to submit a new STR license application within 30 days of closing on the Property.  Applicants submitting a new STR license application within this 30-day grace period are not subject to a penalty fee.

2.8 <u>Transfer of Ownership</u>.  Ownership of a license may not be transferred.

2.9 <u>Property Owner</u>.  The owner of the STR Property shall be the holder of the license, i.e. the licensee. A property manager or other individual may submit the application for an STR license, but the license

will be issued in the Property owner's name and the Property owner is ultimately liable for compliance with the STR Regulations.

## SECTION 3: STR LICENSE TYPES

3.1 Resort Overlay Zone: A Resort License will apply to properties within the Resort Overlay Zone.
   a. Occupancy Standards shall be in accordance with Section 6.1.f.
   b. Maximum Nights Rented: no annual limit.
   c. Review Process: STR License.

3.2 Neighborhood Overlay Zone:
   a. Type I License
      i. To be applicable for a Type I license, the STR must be the owner's primary residence. A primary residence is that which is occupied by the owner as that individual's principal place of residence at least 9 months out of the year and for which the owner can provide supporting documentation as set forth in Section 5.2.j below.
      ii. Maximum Occupancy Standards shall be in accordance with Section 6.1.g and may not exceed 2 guests per bedroom + 2 additional guests, unless further restricted by an OWTS.
      iii. Nights Offered for Rent:
         a. Property Owner is on-site during rentals and is engaged in partial home rental (i.e. renting a bedroom or bedrooms to one booking party at a time): no maximum limit on nights rented;
         b. Property Owner is absent during rentals and is renting the Property as an entire unit: no more than 60 nights a year, as calculated from October 1 through September 30.
      iv. Review Process: STR License.
   b. Type II License
      i. Maximum Occupancy Standards shall be in accordance with Section 6.1.g and may not exceed 2 guests per bedroom + 2 additional guests, unless further restricted by an OWTS.
      ii. Maximum Nights Rented: no more than 135 nights per year, as calculated from October 1 through September 30.
      iii. Review Process: STR License.
   c. Type III License
      i. Maximum Occupancy Standards:
         a. For Multi-family homes: shall be in accordance with Section 6.1.g and may not exceed 2 guests per bedroom + 2 additional guests.
         b. For Single-Family homes: shall be in accordance with Section 6.1.g and may not exceed 2 guests per bedroom + 2 additional guests unless further restricted by an OWTS; however, for lots in excess of 40,000 square feet, a property owner may

request excess occupancy to be reviewed as part of the Conditional Use Permit (CUP) process.

ii.   Maximum Nights Rented: unlimited unless a limit is established by the CUP.

iii.   Review Process: Conditional Use Permit per 3821 of the Code <u>and</u> STR License. The CUP must be approved prior to applying for a Type III license.

iv.   The Minimum Standards to Request a CUP review for Type III License are as set forth in the Code.

## SECTION 4: RESPONSIBLE AGENT REQUIRED

4.1 <u>Responsible Agent.</u> Each owner of a short-term vacation rental Property shall designate a person or company to serve as the responsible agent ("Responsible Agent"). An owner of a short-term vacation rental Property may designate himself/herself as the Responsible Agent.

a. The Responsible Agent shall have access and authority to assume management of the unit and take remedial measures. The Responsible Agent shall be available 24 hours per day, 7 days per week to respond to complaints, issues of concern, and violations related to this Ordinance. The Responsible Agent must be able to affirmatively respond to complaints within an hour of notification of such complaint. Failure of a Responsible Agent to affirmatively respond to a complaint and attempt to resolve such complaint within an hour of notification shall be considered a violation of the Ordinance.

b. In the event of a fire ban within Summit County, the Responsible Agent is required to notify renters of the current fire restrictions and provide renters with instructions on how to access the Summit County Alert System for real-time emergency information during their stay.

c. The owner shall notify the Planning Department in writing of any modification to the Responsible Agent appointment within five (5) days of any such modification.

## SECTION 5: APPLICATION

5.1 <u>Application.</u> At least thirty (30) days prior to any advertising for or lease, licensing, or other authorization to occupy a short-term vacation rental Property, the owner shall file a complete written application for a short-term vacation rental license with the Planning Department, on forms supplied by the County. The application shall not be deemed complete until all required information is submitted.

5.2 <u>Application Materials.</u> An application for a short-term vacation rental license shall include the following, and may be electronically submitted in accordance with the submittal process as may be established by the County:

a. Application form.

b. Application fee as established by the Board of County Commissioners in this ordinance or as subsequently established by resolution by the Board.

c. Self-Compliance Affidavit, signed by the owner under penalty of perjury, certifying that the short-term vacation rental Property is in habitable condition and complies with the health and safety standards set forth in subsection 6.1 below, the site and operation standards for mitigating community impacts set forth in subsection 6.2 below, and the advertising

requirements set forth in subsection 8.1.

d. A short-term vacation rental Responsible Agent and Owner Authorization Form. This form appoints and provides contact information for the Responsible Agent, who shall be available 24 hours per day, 7 days per week, in accordance with the requirements set forth in Section 4 above.

e. Documentation of an adequate water supply and sewer service to serve the proposed use (i.e. special district, well, septic system).

f. A parking plan for the Property, which complies with the parking requirements set forth in subsection 6.2 below.

g. A trash disposal plan for the Property, which complies with the requirements set forth in subsection 6.2 below.

h. Proof of all required state and local sales tax licenses and personal property tax declaration forms.

i. A copy of the Good Neighbor Guidelines, signed by the owner, certifying that owner has read and understands the guidelines for responsible operation and will make these guidelines available to all renters in the rental agreement and by posting it in a prominent location within the STR unit.

j. Application Materials Specific to a Type I License shall include the following: affidavit at time of application of primary residency and owner occupancy for a minimum of 9 months of the year. The following will be required: a Colorado driver's license or Identification Card with the address of the STR property, the STR property must have a mailing address in Summit County, and at least 2 of the following showing the STR address (where applicable) and any additional document as requested by the Review Authority in order to determine primary residence:

    a. Voter registration

    b. Tax returns or other tax documents such as a 1041 or W2.

    c. Motor Vehicle Registration

## SECTION 6: CRITERIA FOR REVIEW

6.1 <u>Health and Safety Sandards</u>

a. Buildings, structures or rooms shall not be used for purposes other than those for which they were designed or intended.

b. Roofs, floors, walls, foundations, ceilings, stairs, handrails, guardrails, doors, porches, all other structural components and all appurtenances thereto shall be capable of resisting any and all forces and loads to which they may be normally subjected, and shall be kept in sound condition and good repair.

c. Smoke detectors, carbon monoxide detectors and fire extinguishers shall be installed and operable per CRS 38-45-104, and all wood-burning fireplaces and stoves shall be cleaned on an annual basis.

d. An operable toilet, sink, and either bathtub or shower shall be located within the same building, and every room containing a toilet or bathtub/shower shall be completely enclosed by walls, doors, or windows that will afford sufficient privacy.

e. There shall be a sufficient number of trash receptacles to accommodate all trash generated by those occupying the short-term vacation rental Property.

f.  Resort Overlay Zone: Maximum occupancy shall be limited to the following maximums for each residential unit type:

    i.  Single family, duplex and townhome units: a) two (2) persons per bedroom plus four (4) additional occupants; OR b) 1 person per 200 square feet of living area, whichever allows for a greater occupancy.

    ii.  Condominium units: a) two (2) persons per bedroom plus four (4) additional occupants, or two (2) persons per bedroom plus two (2) additional occupants in buildings with interior egress components less than 44 inches wide and without a sprinkler system; OR b) 1 person per 200 square feet of living area, whichever allows for a greater occupancy. When a condominium unit contains a County-approved lock-off room that meets the definition of a lock-off room set forth in Chapter 15 of the Development Code, the lock-off room shall be allowed a total of 4 occupants.

    iii.  Units on OWTS: the maximum overnight occupancy of the unit shall be limited to the capacity established on the OWTS permit. OWTS systems in Summit County are typically designed to accommodate a maximum occupancy of 2 persons per bedroom.

    iv.  For the purposes of these regulations, a loft which meets the Summit County Building Department requirements for a potential sleeping room shall be allowed 2 occupants. Studios will be treated as one-bedroom units for the purposes of this Section.

    v.  Occupancy as permitted in the license is the total number of persons who may be at the Property at any one time.

    vi.  Properties requesting occupancy in excess of 19 guests must first obtain a Class 2 Conditional Use Permit through the Planning Department.

g.  Neighborhood Overlay Zone: Maximum occupancy shall be limited to the following:

    i.  Two persons per bedroom plus 2.

    ii.  Units on OWTS: the maximum overnight occupancy of the unit shall be limited to the capacity established on the OWTS permit. OWTS systems in Summit County are typically designed to accommodate a maximum occupancy of 2 persons per bedroom.

    iii.  For the purposes of these regulations, a loft which meets the Summit County Building Department requirements for a potential sleeping room shall be allowed 2 occupants. Studios will be treated as one-bedroom units for the purposes of this Section.

    iv.  Occupancy as permitted in the license is the total number of persons who may be at the Property at any one time.

h.  Partial home short-term vacation rentals are rentals of rooms within a dwelling unit where access and cooking facilities are shared by other occupants within the home. Partial-home rentals may not be advertised as separate units, such as but not limited to, a separate lockoff, studio, or apartment; and advertisements for such Properties shall contain language about shared access and cooking facilities. Lockoff units that have been approved by Summit County shall be permitted to be used as separate short-term rental units in accordance with the regulations in this section, unless such lockoff units have been encumbered by a covenant that expressly prohibits short-term rentals. The permitted occupancy of a Property containing both a primary STR unit and a secondary STR lockoff unit shall be calculated as the combined

maximum occupancy, considering each of the two units operating as separate individual short-term rental units.

i.   Outdoor fire pits on a Property shall be permanently installed improvements that are permitted and inspected by the applicable fire district and/or the County Building Department, if required per applicable building and fire code requirements.  STR owners/applicants should check with their applicable fire district and the County Building Department to determine if permits are needed.  The use of portable outdoor fireplaces is prohibited.

j.   Electrical panels shall be clearly labeled.

k.   All short-term vacation rental properties shall have reliable cellular or VoIP service available or provide access to a landline telephone to enable tenants to call 911 in the event of an emergency.

l.   Sanitary Standards and Rules for Public Accommodations – Where Applicable, all short term rental Property owners shall understand and maintain compliance with the Sanitary Standards and Regulations for Public Accommodations set forth in the Code of Colorado Regulations, Official Publication of the State Administrative Rules Section 6 CCR 1010-14.  The purpose of these regulations is to provide minimum requirements for the protection of the health and safety of the occupants of public accommodations and community residents.

m.   All hot tub / spa installations require both a building permit and an electrical permit from the County Building Department, in accordance with existing County regulations.  Hot tubs / spas and swimming pools shall be properly maintained in a way to prevent the spread of illness and shall comply with the requirements set forth in the Colorado Regulation Pertaining to Swimming Pools and Mineral Baths 5CCR 1003-5.

n.   Occupancy of a recreational vehicle is prohibited on any Property that has obtained a short-term vacation rental license.

o.   STRs on Well or Septic:

   i.   If a short-term vacation rental Property is connected to an On-site Wastewater Treatment System (OWTS) for sewer service, a septic tank pumping shall be completed by a Summit County Licensed System Cleaner every 3 years,  or more frequently as determined by the Summit County Environmental Health Department during each County review of a STR license renewal application for the Property.  Upon initial application, a pumping report will be accepted within 3 years of the date of that inspection.  If the OWTS is in a state of malfunction, the Short Term Rental license will not be issued until repairs are made and approved.

   ii.   If a short-term vacation rental Property is served by an on-site well for domestic water use, an adequate water supply in terms of quantity, quality, and dependability for the proposed use per the Colorado Primary Drinking Water Regulation 5 CCR 1002-11 where applicable.

6.2   Site Plan and Operations Standards

   a.   Parking:  A minimum of one (1) parking space is required per unit, up to a maximum of five (5) cars permitted to be parked outdoors on any Property; provided, however, if a customized

parking arrangement has been previously authorized by the County for the subject development, the applicant shall demonstrate compliance with the existing parking plan previously approved through the relevant site plan review or PUD for the subject residential development. If a lockoff unit is proposed for separate occupancy (i.e. 2 STR units on the same Property) a minimum of one (1) additional parking space will be required for the lockoff unit, in excess of the parking provided for the primary unit. Designated parking spaces shall comply with all applicable parking requirements set forth in Section 3700 of the Development Code. All vehicles shall be parked on-site in designated parking areas; parking is prohibited on County roads, in any landscaped area, or in a manner that blocks egress for adjacent residents (driveways, sidewalks, alleys or mailboxes). A copy of the County-approved parking plan for the short-term vacation rental Property shall be provided to all renters in the rental agreement and posted in a prominent location within the Property.

    i.    The allowable number of parking spaces shall be clearly stated in all short-term vacation rental advertising.

    ii.    In the Resort Overlay Zone, a Property owner may request an increase in the maximum number of allowed parking spaces through a Class 2 Development Code administrative review conditional use permit if the proposed parking meets all applicable regulations and criteria, and is found to be consistent with neighborhood character, including location and visual buffering from adjacent properties.

b.  Trash Disposal and Collection: All short-term vacation rental Properties shall provide a trash disposal and collection plan to ensure that trash containers are not left outdoors where they can cause issues for wildlife or snow removal operations. The proposed trash disposal and collection plan shall be reviewed and approved by the County during initial license review and during review of any license renewals and shall comply with all applicable County regulations including the Summit County Disposal District Regulations. Examples of acceptable trash disposal and collection plans may include but are not limited to:

    i.    Indoor storage of trash with concierge/valet collection service provided by the waste hauler at the time of pickup.

    ii.    Storage of trash containers in garage, with trash containers to be put out by the Responsible Agent no earlier than 6:00 a.m. and returned to the garage by 7:00 p.m. on the day of pickup.

    iii.    Trash disposal is managed by the development's homeowner's association, and renters will be instructed on the location and requirements for trash disposal.

    iv.    Trash is stored in bear proof trash containers located outside of the right-of-way and any snow storage areas.

c.  Noise: Renters shall be informed of the Summit County noise ordinance, which is enforced by the County Sheriff's Department for all properties located in unincorporated Summit County.

d.  Outdoor Lighting: All outdoor lighting shall comply with the exterior lighting requirements set forth in Section 3505.07 of the Development Code.

e.  Pets:  If pets are allowed, renters shall be informed of applicable requirements for controlling pets, pet waste disposal, and barking/noise provisions set forth in the Summit County Animal Control and Licensing Regulations; such regulations are enforced by the County Sheriff's Department for all properties located in unincorporated Summit County. All short-term vacation rental Properties shall comply with the County Animal Keeping Regulations set forth in Section 3802 of the Development Code, and all pet food shall be stored indoors.

f.  Winter Traction and Snow Removal:  Renters shall be informed in advance of arrival and via the Good Neighbor Guidelines of winter driving conditions and the need for appropriate vehicle traction, including Colorado Department of Transportation's Traction Law. Snow shall be removed from parking areas as necessary to accommodate the approved parking plan.

## SECTION 7: SIGNAGE

7.1  An owner shall post a sign or notice conspicuously inside the short-term vacation rental Property, which includes the Responsible Agent's current contact information and/or the owner's current contact information, the street address of the short-term vacation rental Property and the short-term vacation rental license number.

7.2  The Good Neighbor Guidelines, permitted occupancy, parking plan and trash disposal requirements shall be posted in a prominent location within the short-term vacation rental Property.

7.3  Any exterior signs advertising a short-term vacation rental must first be reviewed and approved in accordance with the Summit County sign regulations contained in Chapter 9 of the Development Code.

## SECTION 8: ONE PARTY RENTAL, ADVERTISING

8.1  A short-term vacation rental property shall not be rented to more than one booking party at a time.

8.2  All advertising for a short-term vacation rental Property shall include the Summit County short-term vacation rental license number, immediately following the description of the short-term vacation rental Property, along with the relevant occupancy and parking limitations.

## SECTION 9: TAXES

9.1  All property taxes lawfully assessed against a short-term vacation rental unit shall be paid to the County Treasurer prior to approval of the short-term vacation rental license, and payment of such taxes shall continue thereafter.  Non-compliance may result in suspension, revocation, non-renewal, or denial of the short-term vacation rental license.

## SECTION 10: NOTICE

10.1  Any notice required by this Ordinance to be given to an owner is sufficient if sent by first-class mail to the address provided by the owner on the most recent permit or renewal application.  Notice given to the Responsible Agent, by first-class mail to the address provided by the owner, shall also be sufficient to satisfy any required notice to the owner under this Ordinance.

10.2  The County shall provide written notice to all contiguous property owners and the homeowners association (HOA), if applicable, notifying them of any STR license application that includes proposed changes to the exterior of a property or building.

## SECTION 11: VIOLATIONS, ENFORCEMENT AND REVOCATION

11.1 Ongoing Compliance Obligations of Licensee.

    a.   Issuance of a license is expressly contingent upon the licensee maintaining compliance with all requirements set forth in the STR Ordinance.  If at any time a licensee fails to maintain such compliance as is required, the licensee shall be in violation of this Ordinance.

    b.   A licensee shall avoid any illegal, dangerous, or harmful practices or conditions which are detrminental to the public property, health, welfare, peace or safety.

    c.   A licensee shall refrain from engaging in business on the licensed premises during the period the STR license is revoked or suspended.

11.2 Complaints.

    a.   Complaints concerning a short-term vacation rental Property shall be first directed to the Responsible Agent.  The agent shall respond to the complaint, including visiting the site if necessary.  Failure of a Responsible Agent to affirmatively respond to a complaint and attempt to resolve such complaint within an hour of notification shall be considered a violation of the Ordinance.

    b.   The County may investigate any complaint received, in order to determine if it is a substantiated complaint that represents a documented violation of any provision(s) of this Ordinance.  Violations of this Ordinance shall be subject to the enforcement provisions set forth herein.  If violations are not corrected or if there are repeat offenders of the Ordinance, Summit County may pursue action as provided for herein.

    c.   Remedies for Non-compliance:  If there is one or more unresolved substantiated complaints for a short-term vacation rental Property, or if upon review at any time, Summit County determines that the license holder has failed to comply with any of the requirements, performance standards, conditions or restrictions imposed by this Ordinance, Summit County may take such action as is deemed necessary to remedy the noncompliance, including but not limited to suspension or revocation of the license as set forth in Subsection 10.6 below.

11.3 Enforcement.  Enforcement of this Ordinance shall be by the Planning Department and the Sheriff's Office, as deemed necessary and appropriate.

11.4 Violations.  Violations of the STR Ordinance shall be a class 2 petty offense, and punishable by a penalty assessment procedure as provided for in Sections 16-2-201 and 30-15-402, C.R.S. as amended from time to time.

11.5 Graduated Fine Schedule.  A graduated fine schedule is hereby adopted:

    a.   1st offense:  $250

  b. 2nd offense: $750

  c. 3rd offense: $1,000

11.6 <u>Revocation.</u>

  a. A license issued pursuant to this Ordinance may be revoked by the Review Authority following a hearing for any violation of the Ordinance, or violation of the short-term rental regulations in the Development Code, and the Review Authority shall commence revocation proceedings if any of the below occurs:

    i. A licensee has been cited for 2 or more offenses within a 3 month period;

    ii. A licensee has had 3 or more substantiated complaints within a 3 month period;

    iii. A licensee submits a license application or other document as part of the license review process that contains or represents fraud, misrepresentation, or a false statement of material fact;

    iv. A licensee has violated or is currently violating the STR Ordinance or the prior in a manner that significantly endangers the public health, safety, and/or welfare;

    v. A licensee fails to pay sales and/or property taxes as required.

  b. Hearing on Revocation:

    i. Notice of a hearing pursuant to this Subsection 10.6 shall be given to a licensee in writing at the address shown on the license application, and to the Responsible Agent identified in the license application.  Such notice shall be mailed via certified mail at least fourteen (14) calendar days prior to the date set for the hearing.

    ii. The licensee may appear with or without representation, and may appear remotely by telephone or video conference.

    iii. The licensee may present evidence at the hearing and shall provide copies of such evidence to the hearing officer at or before the hearing.

    iv. The hearing officer shall consider the following:

     1. The nature and seriousness of the violation

     2. Impact of the violation on the neighborhood and/or community

     3. Corrective action, if any, taken by the licensee or the designated Responsible Agent

     4. Prior violations

     5. The likelihood of recurrence of the violation or violations

     6. Entirety of the circumstances surrounding the violation

     7. Willfulness or lack thereof on the part of the licensee

     8. Length of time the licensee has held a license

    v. The hearing officer shall be the Summit County Community Development Director or his or her designee.

    vi. Following the hearing, if the hearing officer determines that a violation or violations has occurred and good cause exists for the imposition of a sanction agains the licensee, the hearing officer may impose the following sanctions:

                  1. License suspension for a time period not to exceed six months.

                  2. License revocation.

    vii.    Any action taken pursuant to this subsection 10.6 shall be commensurate with the seriousness of the violation(s) and the action or lackthereof taken by the licensee to resolve the violation(s).

   viii.    The hearing officer shall provide his or her decision in writing to the licensee within 15 days of the hearing.

    ix.    Individuals or entities who have had their license revoked may reapply for a new license after the expiration of one year from the time of revocation, unless a longer period of time is imposed by the hearing officer, which period of time shall not exceed 3 years.

11.7 <u>Appeals of License Revocations.</u>

    a.    A licensee who has had their STR license revoked or suspended may appeal the revocation or suspension to the Board of County Commissioners by emailing, mailing, filing, or otherwise submitting a letter of appeal to the Office of the Summit County Manager within ten (10) days after the date the letter of decision by the hearing officer is emailed. The date of an appeal letter shall be the time it is marked as received by the Manager's Office.

    b.    The Board of County Commissioners shall conduct a de novo hearing on the appeal at a regular or special meeting held within 30 days of the date of the appeal letter.

    c.    Any such hearing shall be conducted pursuant to the parameters set forth in Section 13200 of the Development Code.

11.8    <u>Costs of Enforcement, Revocation, and Appeal.</u>  In the event it is necessary for the County to take action for enforcement of the STR Ordinance, there shall be added to any fees due hereunder all reasonable costs and fees incurred by the County, including reasonable attorney fees. If any action is brought in a court of law by or against the County relating to the enforcement, interpretation or construction of this chapter, or of any document provided for herein, or of any proceeding hereunder, the prevailing party in such action shall be entitled to reasonable attorney fees as well as all costs incurred in the prosecution or defense of such action.

11.9    <u>Additional Remedies.</u>  In addition to the remedies set forth herein and in the Development Code, the County reserves the right to employ all other remedies that may exist at law and in equity to enforce the STR Regulations.

## SECTION 12: LICENSING FEES

12.1    <u>License Fees.</u>  The following licensing fees shall apply at the time of application and shall be updated in the Planning Department's Fee Schedule as soon as practicable:

    a.    Neighborhood Overlay Zone: Type 1 License: $200

    b.    Neighborhood Overlay Zone: Type II License: $300

    c.    Neighborhood Overlay Zone: Type III License: $100 (Does not include CUP Fee)

       d.   Resort Overlay Zone: Resort License: $250

       e.   Pre-existing License: $500

       f.   Class 2 and Class 4 CUP Fees are found on the Planning Department's Fee Schedule

12.2   <u>Revocation Hearing Fees:</u>  The fee for a revocation hearing shall be 1x the amount of the License Fee.

12.3   <u>Appeal Fees</u>.  The fee for an appeal of a revocation shall be 2x the amount of the License Fee.

12.4.   <u>Future Changes to Licensing Fees.</u>  Future changes to the Licensing Fees shall be done by resolution or otherwise in accordance with the established procedure for updating or changing the Planning Department's Fee Schedule.

## SECTION 13: COMPLIANCE TIMELINE

13.1   <u>Pre-Existing Licenses.</u>  With the exception of licenses in the Resort Overlay Zone, all STR licenses approved prior to the effective date of this Ordinance 20-B shall be allowed to operate pursuant to the occupancy parameters set forth in Section 5 of Ordinance 20 (adopted June 22, 2021) until September 30, 2025.

       a.   Neighborhood Overlay Zone: Previously approved STR licenses in the Neighborhood Overlay Zone will not need to obtain a Type I, II, or III license until September 30, 2025, and may operate pursuant to the occupancy and nightly rental allowances that were applicable under the version of this Ordinance adopted on June 22, 2021.  These licenses will automatically convert to a Pre-Existing License upon approval of a renewal of the STR license at the next applicable renewal date.

       b.   Resort Overlay Zone: Previously approved STR licenses in the Resort Zone will automatically convert to a Resort License upon approval of a renewal of the STR license at the next applicable renewal date.

       d.   All Pre-Existing Licenses operating under the occupancy and nightly rental allowances of Ordinance 20 (adopted June 22, 2021) must still comply with all other provisions of this Ordinance.

13.2   <u>New Licenses.</u>  Upon the effective date of this Ordinance, all new applications for an STR license will be subject to all applicable provisions of this Ordinance.

## SECTION 14: EFFECTIVE DATE

14.1   <u>Effective Date of Ordinance.</u>  The Ordinance shall be effective immediately upon adoption , except as set forth above in Section 13.

14.2   <u>Necessity of Ordinance for Immediate Preservation of Public Health and Safety</u>.  This Ordinance is necessary for the immediate preservation of public health and safety because, without limitation:

    a.  The proliferation of short-term vacation rentals in the unincorporated area of Summit County is substantially impacting Summit County's neighborhoods; and

    b.  There is currently a moratorium on the acceptance and processing of new STR license applications.  The moratorium is set to expire December 16, 2021.  If the Ordinance does not immediately take effect, staff anticipates hundreds of STR applications will be submitted under the old regulations, creating additional impacts and frustrating the significant and substantial efforts undertaken by staff and the BOCC during the moratorium to revise the STR regulations.

14.3   <u>Severability.</u>  If any part or parts or this ordinance are for any reason held to be invalid, such provision shall not effect the validity of the remaining portions of this ordinance.  The Board of County Commissioners hereby declares that it would have passed this ordinance and each part or parts hereof, irrespective of the fact that any one part of parts be declared invalid.

14.5   <u>Repeal</u>.  Except as specifically provided herein, all ordinances and/or resolutions or parts of ordinances and/or resolutions inconsistent with the provisions of this ordinance, are hereby repealed, except that this repeal shall not affect or prevent the enforcement against any person for any act done or committed in violation of any ordinance hereby repealed prior to the date such ordinance no longer applies to such person.

**INTRODUCED, READ, AND ORDERED PUBLISHED IN FULL AND SET FOR PUBLIC HEARING ON THIS 23RD DAY OF NOVEMBER, 2021.**

**BOARD OF COUNTY COMMISSIONERS OF SUMMIT COUNTY, COLORADO**

Elisabeth Lawrence, Chair

**READ, PASSED AND ADOPTED AFTER PUBLIC HEARING AND ORDERED PUBLISHED IN FULL THIS 16TH DAY of DECEMBER, 2021.**



**COUNTY OF SUMMIT**
**STATE OF COLORADO**
**BY AND THROUGH ITS**
**BOARD OF COUNTY COMMISSIONERS**

Elisabeth Lawrence, Chair

**ATTEST:**

Kathleen Neel, Clerk & Recorder

## RESORT OVERLAY ZONE: COPPER MOUNTAIN AREA



## RESORT OVERLAY ZONE: KEYSTONE AREA



## RESORT OVERLAY ZONE: PEAK 8 AREA



## RESORT OVERLAY ZONE: TIGER RUN AREA

