23 Pages
3/10/2023 8:41 AM
DF: $0.00

1306881
Taryn Power—Summit County Recorder

23 Pages
3/3/2023 2:40 PM
DF: $0.00

1306650
Taryn Power—Summit County Recorder

19 Pages
2/21/2023 3:44 PM
DF: $0.00

1305927
Taryn Power—Summit County Recorder

## ORDINANCE NO. 20-C

### BOARD OF COUNTY COMMISSIONERS
### OF THE
### COUNTY OF SUMMIT
### STATE OF COLORADO

**A REVISED AND RESTATED ORDINANCE FOR SHORT-TERM VACATION RENTAL REGULATIONS AND REPEALING ALL ORDINANCES IN CONFLICT THEREWITH**

**WHEREAS**, over the last five to ten years, the advent and increasing popularity of individuals and companies purchasing, advertising, and renting out residential properties as short-term lodging has resulted in approximately 30% of Summit County's housing stock being utilized as such short-term vacation rentals; and

**WHEREAS**, the conversion of residential properties to short-term vacation rental units has a variety of effects on the neighborhoods in which such units are located, as well as on the community as a whole, including issues with increased noise at all hours, parking problems, and trash not being kept or disposed of properly; and

**WHEREAS**, in an effort to address these problems and the concerns of the community, the Board of County Commissioners previously adopted an amendment to the Summit County Land Use and Development Code ("Development Code"), which sets forth numerous regulations applicable to short-term vacation rentals and requires that short-term vacation rental operators obtain a permit from the Summit County Planning Department; and

**WHEREAS**, in conjunction with the aforementioned Development Code amendment, Summit County has contracted with an outside monitoring company to monitor the internet spaces where short-term vacation rentals are advertised to determine compliance with the regulations; and

**WHEREAS**, pursuant to C.R.S. §30-15-401(s), the Summit County Board of County Commissioners has broad authorization to promulgate, through an ordinance, regulations concerning the licensing and operation of short-term vacation rentals located within the boundaries of unincorporated Summit County;

**WHEREAS**, the Board of County Commissioners adopted Ordinance 20 on June 22, 2021, to improve the existing regulations regarding short-term vacation rentals with a licensing ordinance incorporating the then-existing regulations and providing additional provisions addressing the granting, enforcement, and revocation of a short-term vacation rental license; and

EXHIBIT
3

**WHEREAS**, the Board of County Commissioners subsequently amended Ordinance 20 on December 16, 2022, adding two overlay zones, the Neighborhood Overlay Zone and the Resort Overlay Zone, and establishing four different license types for short-term vacation rentals within those zones ("Ordinance 20-B"); and

**WHEREAS,** Ordinances 20 and 20-B also designated the Summit County Planning Department as the department responsible for processing applications for short-term vacation rental licenses; and

**WHEREAS**, given the Planning Department's familiarity and experience with regulating short-term rentals both before and after the adoption of Ordinances 20 and 20-B, the Board of County Commissioners wishes to continue to designate the Planning Department as the licensing entity for short-term vacation rental licensing; and

**WHEREAS,** since the adoption of Ordinance 20-B, the housing crisis in Summit County has continued to present challenges and the steady increase of short-term vacation rentals in unincorporated Summit County has continued without pause; and

**WHEREAS**, despite the more restrictive license types and regulations established for Neighborhood Overlay Zone in Ordinance 20-B, data shows that the percentage of new short-term vacation rental licenses in the Neighborhood Overlay Zone continues to increase, while the stock of seasonal and long-term rental as well as local worker ownership housing, which has traditionally been located in those non-resort areas, continues to decrease; and

**WHEREAS,** the majority of citizen complaints regarding short-term vacation rentals continue to come from the non-resort, neighborhood areas;

**WHEREAS,** on May 24, 2022 the Board of County Commissioners adopted Resolution 2022-37, placing a moratorium on the acceptance and processing of short-term vacation rental licenses in order to allow County staff time to gather additional data and work on changes to the rules and regulations for licensing short-term vacation rentals that would help to halt the continued loss of local housing as well as better address the impacts year-round residents experience from short-term vacation rentals in their neighborhoods; and

**WHEREAS**, Resolution 2022-37 was established for a nine month period in order to afford ample time for public involvement and feedback on the development of new short-term vacation rental regulations; and

**WHEREAS**, after numerous public work sessions with the Board of County Commissioners, public open houses, a publicly disseminated survey, multiple public work sessions with all four basin planning commissions as well as the Countywide Planning Commission, and one facilitated neighborhood

public meeting, County staff has prepared an amended and revised Ordinance 20, which, if adopted, will be known as Ordinance 20-C; and

**WHEREAS**, the Summit County Land Use and Development Code is concurrently being amended to ensure consistency between the regulations set forth herein and the Development Code; and

**WHEREAS**, the Board of County Commissioners held a public meeting on this ordinance for a first reading on January 24, 2023, published the draft Ordinance 20-C in full ten days prior to the second reading, and held a second reading on February 15, 2023; and has considered evidence and testimony presented at the meetings; and

**WHEREAS**, the Board of County Commissioners finds such rules and regulations are reasonable and necessary to protect the public health, safety, and welfare for both residents of and visitors to Summit County.

**NOW THEREFORE, BE IT ORDAINED, BY THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SUMMIT, STATE OF COLORADO**, that Ordinance 20-C, "Short Term Vacation Rental Regulations" is hereby adopted setting forth rules and regulations that shall apply to the licensing, advertising, and operation of short-term vacation rental units:

### SUMMIT COUNTY SHORT TERM VACATION RENTAL REGULATIONS

**SECTION 1. GENERAL**

1.1. Definitions.

    a. Unless otherwise defined herein, the words and terms used in this Ordinance shall have the meaning as set forth in the Summit County Land Use and Development Code ("Development Code").

    b. For purpose of this Ordinance, the term "short-term vacation rental property" is defined as a residential dwelling unit, or any room therein, available for lease or exchange for a term of less than thirty (30) consecutive days ("Property").

    c. "Booking" means an agreement to rent a unit for a period of less than 30 consecutive days for an exchange of consideration.

    d. "Qualified Occupant" means a person 18 years of age or older, along with his or her Dependents, if any, who at all times during ownership or occupancy of the Unit, resides and is employed within the County year round, an average of at least 30 hours per week on an annual basis. "Employed within the County," also referred to as "Local Employment", shall mean that the person earns his or her living from a business or organization operating in and serving Summit County, which requires his or her physical presence within the boundaries of Summit County in order to complete the task or furnish the service, by working in the County at such business or organization an average of at least 30 hours per week on an annual basis.

        i. Self-Employment and residents that work from home: For individuals claiming self-employment or work from home status, the employment must be for an average of at least 30 hours per week on an annual basis for a business that is located within and serves Summit County and requires their physical presence within the boundaries of Summit County in order to complete the task or furnish the service, and such individuals must demonstrate they are earning at least minimum wage from this employment.

        ii. Retirees: Qualified Occupants may be authorized to retire if the person is at or above the full benefit age for federal Social Security, has worked in Summit County an average of at least 30 hours per week on an annual basis for at least 10 continuous years prior to retirement.

           (a) Partial Retirement: Qualified Occupants may be authorized to reduce local employment to a minimum of 15 hours per week on annual basis, if the occupant has worked in Summit County an average of at least 30 hours per week on an annual basis for at least 15 continuous years prior to partial retirement.

    e. STR Resort Overlay Zone: maps of the STR Resort Overlay Zone are included in Exhibit A and described in Section 4302 of the Code.

    f. STR Neighborhood Overlay Zone is defined as all areas of unincorporated Summit County outside of the STR Resort Overlay Zone.

1.2. Purpose. The purpose of this Ordinance is to:

    a. Designate a department of Summit County Government to process applications for licenses for Short-Term Vacation Rentals ("STRs") in unincorporated Summit County and to provide the structure by which such entity will process and review the applications.

    b. Establish comprehensive licensing regulations to safeguard the public health, safety and welfare by regulating and controlling the use, occupancy, location and maintenance of short-term vacation rental properties within the unincorporated areas of Summit County.

    c. Ensure that short-term vacation rentals are operated in a manner that is in compliance with all applicable rules, laws, and regulations, as well as compatible with the surrounding neighborhood and protects the overall community character.

1.3. <u>Applicability</u>. The regulations set forth in this Ordinance shall apply to short-term vacation rental Property only, as defined herein. This Ordinance shall not apply to the furnishing of lodging services in hotels, motels, lodges, or units within a building operating akin to that of a hotel / motel with a central check-in located within such facility, or to long-term leases.

## SECTION 2. PROCEDURES

2.1. <u>Licensing Authority</u>. The Summit County Planning Department is hereby designated as the Review Authority and enforcement agency for all STR applications and operations and is responsible for collecting fees, providing an application system, assisting the applicant with the application process, and monitoring and enforcement of this Ordinance and any applicable sections of the Development Code (collectively, the "STR Regulations"). The Planning Department shall be authorized to promulgate all reasonable administrative rules and procedures necessary to the operation and enforcement of the STR Regulations.

2.2. <u>License Required</u>. No person or entity may advertise or operate an STR without a valid license.

2.3. <u>Review Process</u>. An application for an STR license shall be reviewed by the Review Authority in accordance with the applicable criteria set forth in this Ordinance.

2.4. <u>Review Criteria</u>. The Review Authority shall consider all of the required application materials and submissions and determine that all criteria have been met and required materials submitted prior to issuing an STR license.

2.5. <u>Decision</u>. A decision regarding the issuance of a license under this Ordinance shall be issued by the Review Authority within 30 days once the application has been deemed complete.

2.6. <u>Appeal</u>. If an application for a short-term vacation rental license is denied, the applicant may appeal that decision to the Community Development Director within ten (10) days of receipt of written notice of such denial; otherwise, the license denial shall be final and not subject to appeal. All decisions by the Community Development Director may then be appealed to the BOCC pursuant to the applicable appeal procedures set forth in Section 13200 of the Development Code.

2.7. <u>Length of Validity and Renewal</u>

a. A short-term vacation rental license shall expire on September 30 of the calendar year following the year of initial license issuance, or when title of the short-term vacation rental Property transfers to a new owner, whichever occurs first. Each change in ownership of a short-term vacation rental Property shall require a new license, unless meeting one of the exceptions as listed in Section 2.8 below.

b. An application for renewal of a short-term vacation rental license shall be submitted within the renewal period established by the Review Authority.

   i. A short-term vacation rental license which is not submitted for renewal during the established renewal period shall be considered expired.

c. Open Permits. When there is an open building permit or septic permit for an upgrade, remodel, or demolition, the STR license will remain in effect subject to annual renewal; however, no rentals may occur until the permit has received all final approvals from the county, including a Certificate of Completion or Certificate of Occupancy, if required.

2.8. Transfer of Ownership.

a. Ownership of a license may not be transferred, unless meeting one of the exceptions as listed herein.

   i. The transfer of title to real property when there is no consideration if the grantee is a member of the grantor's immediate family. For purposes of this section, a family transaction shall mean between parents and children, spouses or domestic partners, siblings, grandparents and grandchildren, or other similar family relationship.

   ii. The transfer of title to real property from a grantor to a trust established by the grantor.

   iii. The transfer of title to real property from a grantor to a limited liability company or another form of business entity recognized by Colorado law so long as the grantor has a controlling interest in such limited liability company or other business entity. Any transfer of title wherein the majority interest is no longer held by the same party or parties as who *originally* obtained the STR license shall be considered a non-exempt transfer and a new license will need to be obtained.

   iv. Any transfer of the property between the same parties creating or terminating a joint tenancy in such property.

   v. The transfer of title or change of interest in real property by reason of death, pursuant to a will, the law of descent and distribution, or otherwise.

   vi. The transfer of title without consideration for the purpose of confirming, correcting, modifying, or supplementing a transfer previously recorded; making minor boundary adjustments; removing clouds of titles; or granting rights-of-way, easements, or licenses.

   vii. The transfer of title pursuant to any decree or order of a court of record quieting, determining, or vesting title. The transfer of title between spouses or former spouses made pursuant to a separation agreement, decree of legal separation, or dissolution of marriage.

   b. Either prior to or within 30 days after the transfer, a property transfer purportedly meeting the requirements of this section, the new owners shall contact the Review Authority, providing all necessary materials to determine if the transfer meets the exempt criteria above.

2.9. Property Owner.  The owner of the STR Property shall be the holder of the license, i.e. the licensee. A property manager or other individual may submit the application for an STR license, but the license will be issued in the Property owner's name and the Property owner is ultimately liable for compliance with the STR Regulations.

## SECTION 3. STR LICENSE TYPES

3.1. Resort Overlay Zone: A Resort License will apply to properties within the Resort Overlay Zone.

   a. Maximum occupancy at any time may not exceed the following, unless further restricted by an on-site wastewater treatment system (OWTS), and shall be in accordance with Section 3.3:

   i. Single family, duplex and townhome units: a) two (2) persons per bedroom plus four (4) additional occupants; OR b) 1 person per 200 square feet of living area, whichever allows for a greater occupancy.

   ii. Condominium units: a) two (2) persons per bedroom plus four (4) additional occupants, or two (2) persons per bedroom plus two (2) additional occupants in buildings with interior egress components less than 44 inches wide and without a sprinkler system; OR b) 1 person per 200 square feet of living area, whichever allows for a greater occupancy.  When a condominium unit contains a County-approved lock-off room that meets the definition of a lock-off room set forth in Chapter 15 of the Development Code, the lock-off room shall be allowed a total of 4 occupants.

   iii. Properties requesting occupancy in excess of 19 must first obtain a Class 2 Conditional Use Permit through the Planning Department.

   b. Limitation on Number of Bookings: no annual limit.

   c. Review Process: STR License.

3.2. Neighborhood Overlay Zone: A Type I or Type II License will apply to properties within the Neighborhood Overlay Zone, subject to the limitations on the availability of licenses in Section 4.

   a. Type I License:

   i. To be eligible for a Type I license, the STR Property must be the primary residence of a member of the local workforce, meeting the definition of a Qualified Occupant. A primary residence is that which is occupied by the Qualified Occupant as that individual's principal place of residence at least 9 months out of the year and for which the licensee can provide supporting documentation as set forth in Section 6.2.1 below.

   ii. If an ADU is removed from a property by the current owner, such property shall not be eligible for a Type I License for a period of 3 years from the date of removal.

   iii. Maximum Occupancy at any time shall not exceed 2 renters per bedroom + 2 additional renters, unless further restricted by an OWTS, and shall be in accordance with Section 3.3.

   iv. Allowable Uses of a Type I License:

(a) When the Qualified Occupant is on-site during rentals and is engaged in partial home rental, no more than 50% of the approved bedrooms in the home, up to 2 bedrooms may be short-term rented.

(b) The Qualified Occupant may live on a property with a permitted ADU.

    (i) Management of the STR on the property shall not comprise a majority of the hours claimed for Qualified Occupant status.

    (ii) Applicants with an ADU seeking a Type I license shall utilize the most recent ADU covenant required by Section 3809 of the Code.

    (iii)As required by the ADU covenant, the Owner may not be the Qualified Occupant of the restricted unit (usually the ADU) since the restricted unit must be *rented* to a member of the local workforce meeting the definition of Qualified Occupant, i.e. the owner may not live in the ADU and apply for a Type I STR license to rent their main house, or vice-versa.

(c) At all times the property shall be the principal place of residence of the Qualified Occupant at least 9 months out of the year.

(d) A Bed and Breakfast may not be operated under a Type I license.

    v. Limitation on Number of Bookings: no more than 35 bookings per year, as calculated from October 1 through September 30.

b. Type II License:

    i. Maximum Occupancy may not exceed 2 renters per bedroom + 2 additional renters, unless further restricted by an OWTS, and shall be in accordance with Section 3.3 below.

    ii. Limitation on Number of Bookings: no more than 35 bookings per year, as calculated from October 1 through September 30, unless approved as a Bed and Breakfast under the Code.

3.3. Occupancy Standards Applicable to All Licenses:

a. Units on on-site wastewater treatment systems (OWTS): the maximum overnight occupancy of the unit shall be limited to the capacity established on the OWTS permit. OWTS systems in Summit County are typically designed to accommodate a maximum occupancy of 2 persons per bedroom.

b. For the purposes of these regulations, a loft which meets the Summit County Building Department requirements for a potential sleeping room shall be allowed 2 occupants. Studios will be treated as one-bedroom units for the purposes of this Section.

c. Occupancy as permitted in the license is the total number of persons who may be at the Property at any one time.

## SECTION 4. LIMITATIONS ON NUMBER OF STR LICENSES PER OVERLAY ZONE

4.1. Resort Overlay Zone. There is no cap on the number of licenses available in the Resort Overlay Zone.

4.2. Neighborhood Overlay Zone.

    a. Type I Licenses: Type I Licenses approved after the effective date of this ordinance are an exception to the cap in the Neighborhood Overlay Zone.

    b. Type II Licenses: Caps on the number of Type II licenses in the Neighborhood Overlay Zone of each Basin[1] are established as follows:

        i. Lower Blue Basin: 550

        ii. Snake River Basin: 130

        iii. Ten Mile Basin: 20

        iv. Upper Blue Basin: 590

4.3. Process for Managing the Cap. By January 5 of each calendar year, unless otherwise authorized by the Board of County Commissioners, the Review Authority will determine the number of licenses in each basin. At such time that the number of licenses is determined to be within 10% of the cap, the Review Authority will proceed to draft and promulgate a process for issuing new licenses.

## SECTION 5. RESPONSIBLE AGENT REQUIRED

5.1. Responsible Agent. Each owner of a short-term vacation rental Property shall designate a person or company to serve as the responsible agent ("Responsible Agent"). An owner of a short-term vacation rental Property may designate themself as the Responsible Agent.

    a. The Responsible Agent shall have access and authority to assume management of the unit and take remedial measures. The Responsible Agent shall be available 24 hours per day, 7 days per week to respond to complaints, issues of concern, and violations related to this Ordinance. The Responsible Agent must be able to affirmatively respond to complaints within an hour of notification of such complaint. Failure of a Responsible Agent to affirmatively respond to a complaint and attempt to resolve such complaint within an hour of notification shall be considered a violation of the Ordinance.

    b. In the event of a fire ban within Summit County, the Responsible Agent is required to notify renters of the current fire restrictions and provide renters with instructions on how to access the Summit County Alert System for real-time emergency information during their stay.

    c. The owner shall keep all property management and Responsible Agent information updated in the established STR system.

## SECTION 6. APPLICATION

6.1. Application. The owner shall file a complete application for a short-term vacation rental license with the Planning Department via the established application system. The application shall not be deemed complete until all required information is submitted.

6.2. Application Materials. An application for a short-term vacation rental license shall include the following,:

    a. Application materials shall include all information and materials as set forth in this Ordinance as required in the application system.

---

[1] Basins are described in Section 2102.01 of the Land Use and Development Code.

b. Contact information for Owner, property manager, if applicable, and Responsible Agent, including names, mailing address, phone number, and email. All contact information shall be kept up to date.

c. Application fee as established by the Board of County Commissioners in the Development Review Fee Schedule, or as subsequently established by resolution by the Board.

d. Self-Compliance Affidavit, signed by the owner under penalty of perjury, certifying compliance with the STR Regulations.

e. Documentation listing all owners of a property, including form of ownership and percentage share, as applicable.

f. Designation of Responsible Agent including contact information who shall be available 24 hours per day, 7 days per week, in accordance with the requirements set forth in Section 5 above.

g. If applicable, documentation of water supply and septic capacity adequate to serve the proposed use, including but not limited to improvements such as hot tubs. Such documentation shall include submittal of well permit, OWTS permit, and pumper report.

h. A parking plan or description for the Property, which complies with the parking requirements set forth in subsection 7.2.a below.

i. A waste disposal plan or description for the Property, which complies with the requirements set forth in subsection 7.2.b below.

j. Proof of all required state and local sales tax licenses.

k. Owner shall certify that they have read and understood the Good Neighbor Guidelines, and shall make these guidelines available to all renters in the rental agreement and by posting it in a prominent location within the STR.

l. Application Materials Specific to a Type I License shall include the following:

   i. Affidavit submitted at time of application attesting to primary residency by a Qualified Occupant for a minimum of 9 months of the year.

   ii. Evidence showing the STR Qualified Occupant has a mailing address in Summit County.

   iii. Evidence to the satisfaction of the Review Authority showing the STR property occupant meets the definition of Qualified Occupant, including but not limited to place of employment and hours worked on a weekly basis.

   iv. Copy of a lease to Qualified Occupant, if applicable.

   v. At least 2 of the following showing the STR address (where applicable) and any additional document as requested by the Review Authority to determine primary residence of the Qualified Occupant:

      (a) Voter registration

      (b) Tax returns or other tax documents such as a 1041 or W2.

      (c) Motor Vehicle Registration

## SECTION 7. STANDARDS AND REQUIREMENTS FOR STR LICENSE ISSUANCE AND OPERATION

7.1. Health and Safety

 a. All improvements on the Property shall be permitted by the Building Inspection Department, Environmental Health Department, Engineering Department, and all other applicable agencies. Buildings, structures, or rooms shall not be used for purposes other than those for which they were designed or intended, i.e. rooms not approved as "sleeping rooms" by the Building Inspection Department shall not contain beds.[2]

 b. Roofs, floors, walls, foundations, ceilings, stairs, handrails, guardrails, doors, porches, all other structural components and all appurtenances thereto shall be capable of resisting any and all forces and loads to which they may be normally subjected, and shall be kept in sound condition and good repair.

 c. Smoke detectors, carbon monoxide detectors and fire extinguishers shall be installed and operable per CRS 38-45-104, and all wood-burning fireplaces and stoves shall be cleaned on an annual basis.

 d. An operable toilet, sink, and either bathtub or shower shall be located within the same building, and every room containing a toilet or bathtub/shower shall be completely enclosed by walls, doors, or windows that will afford sufficient privacy.

 e. There shall be a sufficient number of waste receptacles to accommodate all waste generated by those occupying the short-term vacation rental Property.

 f. Partial home short-term vacation rentals are rentals of rooms within a dwelling unit where access and cooking facilities are shared by other occupants within the home. Partial-home rentals may not be advertised as separate units, such as but not limited to, a separate lockoff, studio, or apartment; and advertisements for such Properties shall contain language about shared access and cooking facilities.

 g. Outdoor fire pits on a Property shall be permanently installed improvements that are permitted and inspected by the applicable fire district and/or the Building Inspection Department, if required per applicable building and fire code requirements. STR owners/applicants should check with their applicable fire district and the Building Inspection Department to determine if permits are needed. The use of portable outdoor fireplaces is prohibited.

 h. Electrical panels shall be clearly labeled.

 i. All short-term vacation rental properties shall have reliable cellular or VoIP service available or provide access to a landline telephone to enable renters to call 911 in the event of an emergency.

---

[2] The Building Inspection Department refers to bedrooms as a sleeping room / area. The Code and this Ordinance use the term bedroom which is defined in Chapter 15 of the Code and which definition is the same as the definition of sleeping room / area in the Building Code.

j. Sanitary Standards and Rules for Public Accommodations – Where Applicable, all short term rental Property owners shall understand and maintain compliance with the Sanitary Standards and Regulations for Public Accommodations set forth in the Code of Colorado Regulations, Official Publication of the State Administrative Rules Section 6 CCR 1010-14. The purpose of these regulations is to provide minimum requirements for the protection of the health and safety of the occupants of public accommodations and community residents. All hot tub / spa installations require both a building permit and an electrical permit from the Building Inspection Department, in accordance with existing County regulations and compliance with 7.1.m below, if applicable. Hot tubs / spas and swimming pools shall be properly maintained in a way to prevent the spread of illness and shall comply with the requirements set forth in the Colorado Regulation Pertaining to Swimming Pools and Mineral Baths 5 CCR 1003-5.

k. Occupancy of a recreational vehicle is prohibited on any Property that has obtained a short-term vacation rental license.

l. STRs on Well or Septic:

  i. If a short-term vacation rental Property is connected to an On-site Wastewater Treatment System (OWTS) for sewer service, a septic tank pumping shall be completed by a Summit County Licensed System Cleaner every 3 years, or more frequently as determined by the Summit County Environmental Health Department during each County review of a STR license renewal application for the Property.

    (a) Upon initial application, a pumping report will be accepted within 3 years of the date of that inspection. If the OWTS is in a state of malfunction, the Short-Term Rental license will not be issued until repairs are made and approved.

  ii. If a short-term vacation rental Property is served by an on-site well for domestic water use, an adequate water supply in terms of quantity, quality, and dependability for the proposed use per the Colorado Primary Drinking Water Regulation 5 CCR 1002-11 where applicable. In addition, if the property has an improvement such as a hot tub, such Property shall be served by a well that is permitted for such use.

7.2. Site Plan and Operations

  a. Parking: A minimum of one (1) parking space is required per unit, up to a maximum of five (5) vehicles permitted to be parked outdoors on any Property.

    i. Designated parking spaces shall comply with all applicable parking requirements set forth in Section 3700 of the Development Code. All vehicles shall be parked on-site in designated parking areas; parking is prohibited on County roads, in any landscaped area, or in a manner that blocks egress for adjacent residents (driveways, sidewalks, alleys or mailboxes).

ii. The allowable number of parking spaces / vehicles shall be clearly stated in all short-term vacation rental advertising. A copy of the County-approved parking plan for the short-term vacation rental Property shall be provided to all renters in the rental agreement and posted in a prominent location within the Property.

iii. In the Resort Overlay Zone, a Property owner may request an increase in the maximum number of allowed parking spaces through a Conditional Use Permit if the proposed parking meets all applicable regulations and criteria, and is found to be consistent with neighborhood character, including location and visual buffering from adjacent properties.

b. Waste Disposal and Collection: All short-term vacation rental Properties shall provide a waste disposal and collection plan to ensure that waste containers are not left outdoors where they can cause issues for wildlife or snow removal operations. The proposed waste disposal and collection plan shall be reviewed and approved by the County during initial license review and during review of any license renewals, if needed. Waste disposal plans shall comply with all applicable County regulations including the Summit County Disposal District Regulations. Examples of acceptable waste disposal and collection plans may include but are not limited to:

i. Indoor storage of waste with concierge/valet collection service provided by the waste hauler at the time of pickup.

ii. Storage of waste containers in garage, with waste containers to be put out by the Responsible Agent no earlier than 6:00 a.m. and returned to the garage by 7:00 p.m. on the day of pickup.

iii. Waste disposal is managed by the development's homeowner's association, and renters will be instructed on the location and requirements for waste disposal.

iv. Waste is stored in bear proof containers located outside of the right-of-way and any snow storage areas.

c. Noise: Renters shall be informed of the Summit County noise ordinance, which is enforced by the County Sheriff's Office for all properties located in unincorporated Summit County.

d. Outdoor Lighting: All outdoor lighting shall comply with the exterior lighting requirements set forth in Section 3505.07 of the Development Code.

e. Pets: If pets are allowed, renters shall be informed of applicable requirements for controlling pets, pet waste disposal, and barking/noise provisions set forth in the Summit County Animal Control and Licensing Regulations; such regulations are enforced by the County Sheriff's Office. All short-term vacation rental Properties shall comply with the County Animal Keeping Regulations set forth in Section 3802 of the Development Code, and all pet food shall be stored indoors.

f. Winter Traction and Snow Removal: Renters shall be informed in advance of arrival and via the Good Neighbor Guidelines of winter driving conditions and the need for appropriate vehicle traction, including Colorado Department of Transportation's Traction Law. Snow shall be removed from parking areas as necessary to accommodate the approved parking plan.

7.3. Good Neighbor Guidelines and Practices. The Planning Department shall promulgate Good Neighbor Guidelines setting forth various recommended and/or required practices for STR owners and their renters. Owners shall endeavor to have their renters abide by the Good Neighbor Guidelines in a reasonable and effective manner. This may include changing or altering rental practices to address repeat concerns; for example, posting clear quiet hours for hot tub use, establishing a multi-night minimum for renters, clearly communicating and monitoring number of vehicles allowed, renting to fewer guest than allowed by the maximum occupancy provisions, or other practices to mitigate impacts in the neighborhood.

## SECTION 8. SIGNAGE

8.1. An owner shall post a sign or notice conspicuously inside the short-term vacation rental Property, which includes the Responsible Agent's current contact information and/or the owner's current contact information, the street address of the short-term vacation rental Property and the short-term vacation rental license number.

8.2. The Good Neighbor Guidelines, permitted occupancy, parking plan, and waste disposal requirements, including location of recycling centers, shall be posted in a prominent location within the short-term vacation rental Property.

8.3. Any exterior signs advertising a short-term vacation rental must first be reviewed and approved in accordance with the Summit County sign regulations contained in Chapter 9 of the Development Code.

## SECTION 9. ONE PARTY RENTAL, ADVERTISING

9.1. Unless approved as a Bed and Breakfast per the Code, a short-term vacation rental property shall not be rented to more than one booking party at a time.

9.2. All advertising for a short-term vacation rental Property shall include the Summit County short-term vacation rental license number, immediately following the accurate description of the short-term vacation rental Property as reflected by County records, along with the permitted occupancy, permitted bedroom count, and parking limitations.

## SECTION 10. TAXES

10.1. All property taxes lawfully assessed against a short-term vacation rental unit shall be paid to the County Treasurer prior to approval of the short-term vacation rental license, and payment of such taxes shall continue thereafter. Non-compliance may result in suspension, revocation, non-renewal, or denial of the short-term vacation rental license.

## SECTION 11. NOTICE

11.1. Any notice of violations, hearings, or other legal matters given to an owner is sufficient if sent by first-class mail to the address provided by the owner on the most recent permit or renewal application. Notice given to the Responsible Agent, by first-class mail, except as provided in 12.6, to the address provided by the owner, shall also be sufficient to satisfy any legal notice to the owner under this Ordinance.

11.2. The Review Authority may send notice of administrative matters such as renewals, newsletters, updates, etc. via email to the registrant email address provided by the Owner on the most recent license or renewal. Failure to provide an accurate email address may result in an owner or registered agent not receiving important information.

## SECTION 12. VIOLATIONS, ENFORCEMENT AND REVOCATION

12.1.  Obligation for Ongoing Compliance of Licensee.

    a. Issuance of a license is expressly contingent upon the licensee maintaining compliance with all requirements set forth in the STR Ordinance. If at any time a licensee fails to maintain such compliance as is required, the licensee shall be in violation of this Ordinance.

    b. A licensee shall avoid any illegal, dangerous, or harmful practices or conditions which are detrimental to the public property, health, welfare, peace or safety.

    c. A licensee shall neither advertise nor operate an STR on the Property during the period the STR license is revoked or suspended.

12.2. Complaints and Remedies for Non-Compliance.

    a. Complaints concerning a short-term vacation rental Property shall be first directed to the Responsible Agent. The agent shall respond to the complaint, including visiting the site if necessary. Failure of a Responsible Agent to affirmatively respond to a complaint and attempt to resolve such complaint within an hour of notification shall be considered a violation of the Ordinance.

    b. The County may investigate any complaint received, in order to determine if it is a substantiated complaint which may result in a documented violation of any provision(s) of this Ordinance. Violations of this Ordinance shall be subject to the enforcement provisions set forth herein. If violations are not corrected or if there are repeat offenders of the requirements, performance standards, conditions or restrictions in this Ordinance, Summit County may pursue action as provided for herein, including but not limited to suspension or revocation of the rental license.

12.3. Enforcement. Enforcement of this Ordinance shall be by the Review Authority and the Sheriff's Office, as deemed necessary and appropriate.

12.4. Violations. Violations of the STR Ordinance shall be a civil infraction and punishable by the procedure established in Sections 16-2-201 and 30-15-402, C.R.S, as amended from time to time.

12.5. Graduated Fine Schedule. A graduated fine schedule is hereby adopted:

    a. 1st:  $250

    b. 2nd:  $750

    c. 3rd or more:  $1,000

12.6. Revocation.

    a. A license issued pursuant to this Ordinance *may* be revoked by the Review Authority following a hearing for *any* violation of the Ordinance.

    b. The Review Authority *shall* commence revocation proceedings if any of the below occurs:

        i. A licensee has been issued 2 or more citations within a 3-month period;

        ii. A licensee has had 3 or more documented violations within a 3-month period;

        iii. A licensee submits a license application or other document as part of the license review process that contains or represents fraud, intentional misrepresentation, or a false statement of material fact;

        iv. A licensee has violated or is currently violating the STR Ordinance or the prior in a manner that significantly endangers the public health, safety, and/or welfare;

        v. A licensee fails to pay sales and/or property taxes as required.

    c. Hearing on Revocation:

        i. Notice of a hearing pursuant to this Subsection 12.6 shall be given to a licensee in writing at the address shown on the license application, and to the Responsible Agent identified in the license application. Such notice shall be mailed via certified mail at least fourteen (14) calendar days prior to the date set for the hearing.

        ii. The licensee may appear with or without representation, and may appear remotely by telephone or video conference.

        iii. The licensee may present evidence at the hearing and shall provide copies of such evidence to the hearing officer at or before the hearing.

        iv. The hearing officer shall consider the following:

            (a) The nature and seriousness of the violation

            (b) Impact of the violation on the neighborhood and/or community

            (c) Corrective action, if any, taken by the licensee or the designated Responsible Agent

            (d) Prior violations

            (e) The likelihood of recurrence of the violation or violations

            (f) Entirety of the circumstances surrounding the violation

            (g) Willfulness or lack thereof on the part of the licensee

            (h) Length of time the licensee has held a license

        v. The hearing officer shall be the Summit County Community Development Director or their designee.

        vi. Following the hearing, if the hearing officer determines that a violation or violations has occurred and good cause exists for the imposition of a sanction against the licensee, the hearing officer may impose the following sanctions:

            (a) License suspension for a time period not to exceed six months.

            (b) License revocation.

      (c) Conditions on the operation of the STR reasonably related to the violation(s), and to which the licensee agrees in lieu of revocation or suspension.

    vii. Any action taken pursuant to this subsection 12.6 shall be commensurate with the seriousness of the violation(s) and the action or lack thereof taken by the licensee to resolve the violation(s).

   viii. The hearing officer shall provide his or her decision in writing to the licensee within 15 days of the hearing.

    ix. Individuals or entities who have had their license revoked may, if applicable in their overlay zone per Section 4, reapply for a new license after the expiration of one year from the time of revocation, unless a longer period of time is imposed by the hearing officer, which period of time shall not exceed 3 years. The hearing officer shall not be empowered to alter or change the caps established in Section 4 of this Ordinance.

  d. Appeals of License Revocations.

    i. A licensee who has had their STR license revoked or suspended may appeal the revocation or suspension to the Board of County Commissioners by emailing, mailing, filing, or otherwise submitting a letter of appeal to the Office of the Summit County Manager within ten (10) days after the date the letter of decision by the hearing officer is emailed. The date of an appeal letter shall be the time it is marked as received by the Manager's Office.

    ii. The Board of County Commissioners shall conduct a de novo hearing on the appeal at a regular or special meeting held within 30 days of the date of the appeal letter.

    iii. Any such hearing shall be conducted pursuant to the parameters set forth in Section 13200 of the Development Code.

12.7. Costs of Enforcement, Revocation, and Appeal. In the event it is necessary for the County to take action for enforcement of the STR Ordinance, there shall be added to any fees due hereunder all reasonable costs and fees incurred by the County, including reasonable attorney fees. If any action is brought in a court of law by or against the County relating to the enforcement, interpretation or construction of this Ordinance, or of any document provided for herein, or of any proceeding hereunder, the prevailing party in such action shall be entitled to reasonable attorney fees as well as all costs incurred in the prosecution or defense of such action.

12.8. Additional Remedies. In addition to the remedies set forth herein and in the Development Code, the County reserves the right to employ all other remedies that may exist at law and in equity to enforce the STR Regulations.

## SECTION 13. LICENSING FEES

13.1. License Fees. Licensing fees shall apply at the time of application and shall be established and updated in the Development Review Fee Schedule.

## SECTION 14. COMPLIANCE TIMELINE

14.1. <u>Pre-Existing Licenses.</u>  With the exception of licenses in the Resort Overlay Zone, all STR licenses approved prior to the effective date of Ordinance 20-B (adopted December 16, 2021) shall be allowed to operate pursuant to the occupancy parameters set forth in Ordinance 20 (adopted June 22, 2021), and without limitations on bookings until renewal 2023, at which point they will need to conform to all requirements of this Ordinance.

    a. Neighborhood Overlay Zone: Pre-Existing STR licenses in the Neighborhood Overlay Zone will automatically convert to a Type II license upon approval of the STR license at the next applicable renewal date.

    b. All Pre-Existing Licenses operating under the previously established occupancy allowances of Ordinance 20 must still comply with all other provisions of this Ordinance.

14.2. <u>Licenses Issued After the Adoption of Ordinance 20-B.</u>

    a. Type I licenses will be required to show compliance with the revised Type I standards as listed in this ordinance at renewal 2023, or they will be converted to a Type II license and pay all applicable fees.

    b. Type II licenses shall operate pursuant to the nightly limitations set forth in Ordinance 20-B until renewal 2023 at which point they will need to conform to all requirements of this Ordinance.

    c. Type III licenses will automatically convert to a Type II license at the time of renewal 2023.

14.3. <u>New Licenses.</u>  Upon the effective date of this Ordinance, all new applications for an STR license will be subject to all applicable provisions of this Ordinance.

## SECTION 15. SCHEDULE OF REPORTING TO BOCC

15.1. <u>Establishment of Review and Reporting Requirements.</u>  In order to ensure consistent and effective application of the Regulations contained herein, the following review and reporting requirements are hereby established:

    a. Reporting: Unless otherwise directed by the Board of County Commissioners, County staff shall provide a report on the administration of the STR regulatory program once a year.

    b. Review: Unless otherwise directed by the Board of County Commissioners, County staff shall ensure that a meaningful opportunity for review, including public, staff, and Board of County Commissioners, input, of the effectiveness of the regulations contained herein occurs at least every 2 years.

    c. Nothing herein shall constrain the Board of County Commissioners from having more frequent review and reporting opportunities as the Board so directs.

## SECTION 16. EFFECTIVE DATE

16.1. <u>Effective Date of Ordinance.</u>  The Ordinance shall be effective immediately upon adoption, except as set forth above in Section 14.

16.2. <u>Necessity of Ordinance for Immediate Preservation of Public Health and Safety.</u>  This Ordinance is necessary for the immediate preservation of public health and safety because, without limitation:

a. The proliferation of short-term vacation rentals in the unincorporated area of Summit County is substantially impacting Summit County's neighborhoods; and

b. There is currently a moratorium on the acceptance and processing of new STR license applications. The moratorium is set to expire February 24, 2023. If the Ordinance does not immediately take effect, staff anticipates hundreds of STR applications will be submitted under the old regulations, creating additional impacts and frustrating the significant and substantial efforts undertaken by staff and the BOCC during the moratorium to revise the STR regulations.

16.3. Severability. If any part or parts or this ordinance are for any reason held to be invalid, such provision shall not effect the validity of the remaining portions of this ordinance. The Board of County Commissioners hereby declares that it would have passed this ordinance and each part or parts hereof, irrespective of the fact that any one part of parts be declared invalid.

16.4. Repeal. Except as specifically provided herein, all ordinances and/or resolutions or parts of ordinances and/or resolutions inconsistent with the provisions of this ordinance, are hereby repealed, except that this repeal shall not affect or prevent the enforcement against any person for any act done or committed in violation of any ordinance hereby repealed prior to the date such ordinance no longer applies to such person.

**INTRODUCED, READ, AND ORDERED PUBLISHED IN FULL AND SET FOR PUBLIC HEARING ON THIS 24TH DAY OF JANUARY, 2023.**

**BOARD OF COUNTY COMMISSIONERS OF SUMMIT COUNTY, COLORADO**

Joshua Blanchard, Chair

**READ, PASSED AND ADOPTED AFTER PUBLIC HEARING AND ORDERED PUBLISHED IN FULL THIS 15th DAY of FEBRUARY, 2023.**

**COUNTY OF SUMMIT**
**STATE OF COLORADO**
**BY AND THROUGH ITS**
**BOARD OF COUNTY COMMISSIONERS**

Joshua Blanchard, Chair

**ATTEST:**

Taryn Power, Clerk & Recorder



RESORT OVERLAY ZONE: COPPER MOUNTAIN AREA

Copper Mountain Resort Area

1:14,498

1 Inch = 1,208.19 Feet

0    500   1,000         2,000 Feet

N

This map is for display purposes only.
Do not use for legal conveyance
Not necessarily accurate by surveying
standards, and does not comply with
National Mapping Accuracy Standards.
©2021 Summit County Government



RESORT OVERLAY ZONE: KEYSTONE AREA

Keystone Resort Area

1:30,000
1 Inch = 2,500 Feet

0   1,050   2,100   4,200 Feet

This map is for display purposes only.
Do not use for legal conveyance.
Not necessarily accurate by surveying
standards, and does not comply with
National Mapping Accuracy Standards.
©2021 Summit County Government



RESORT OVERLAY ZONE: PEAK 8 AREA



RESORT OVERLAY ZONE: TIGER RUN AREA