**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:23-cv-02057-GBG-SBP**

TODD RUELLE, an individual;
SUMMIT COUNTY RESORT HOMES INC., a Colorado nonprofit corporation,

    Plaintiffs,

v.

SUMMIT COUNTY BOARD OF COUNTY COMMISSIONERS,
ELISABETH LAWRENCE, in her Official Capacity as a Commissioner,
TAMARA POGUE, in her Official Capacity as a Commissioner,
JOSHUA BLANCHARD, in his Official Capacity as a Commissioner,

    Defendants.

**JOINT MOTION TO STAY ALL DISCOVERY AND VACATE SCHEDULING
CONFERENCE PENDING RESOLUTION OF MOTION TO DISMISS**

Plaintiffs Todd Ruelle and Summit County Resort Homes Inc. and Defendants Summit County Board of County Commissioners, Elizabeth Lawrence, Tamara Pogue and Joshua Blanchard, by and through their undersigned counsel, respectfully submit their Joint Motion to Stay all Discovery and Vacate Scheduling Conference Pending Resolution of Motion to Dismiss (ECF No. 21).[1] In support thereof, the parties state as follows:

---

[1] A stay of discovery and a vacatur of a scheduling conference are complementary forms of relief under Civil Practice Standard 7.1A(4), and they can therefore be sought in the same motion. *See Richan v. Ageiss, Inc.*, No. 22-cv-01060-NYW, 2022 WL 2643565, at *4 (D. Colo. July 7, 2022) (granting the parties' motion by vacating the scheduling conference and staying discovery).

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.Colo.L.Civ.R 7.1A, counsel for Plaintiffs conferred with counsel for Defendants regarding this motion and counsel for Defendants stated Defendants do not oppose and join in the requested relief.

## BACKGROUND

1. On August 14th, 2023, Plaintiffs filed their Complaint (ECF No. 1), challenging certain regulations that the Summit County Board of County Commissioners ("BOCC") adopted to restrict the ability of residential property owners to engage in short-term rentals in unincorporated Summit County, Colorado ("STR Regulations").

2. On August 28th, 2023, Magistrate Judge Prose issued an Order Setting Consent Deadline and Scheduling Conference (ECF No. 13), modified by a minute order on September 8th, 2023 (ECF No. 19), with the deadlines below:

   a. The parties must file a proposed scheduling order by October 12, 2023.

   b. The Court will hold a telephonic scheduling conference on October 19, 2023.

   c. The parties must file a proposed Order under Fed. R. Evid. 502(d) by November 2, 2023.

3. On September 7, 2023, one of the parties filed an election of nonconsent to a magistrate judge conducting all proceedings (ECF No. 16).

4. The case was then assigned to Judge Gallagher (ECF No. 17), and Judge Gallagher referred the case to Magistrate Judge Prose to convene a scheduling conference and handle certain discovery and pretrial matters (ECF No. 18).

5. Defendants moved to dismiss Plaintiffs' claims on September 27, 2023 (ECF No. 21).

6. Plaintiffs oppose the Motion to Dismiss. Plaintiffs' current deadline to file an opposition brief or a first amended complaint is October 18, 2023.

## ARGUMENT

The parties jointly request that, pending resolution of Defendants' Motion to Dismiss, the Court A) stay all discovery and B) vacate the October 19, 2023 scheduling conference and related deadlines. For the reasons described below, all the *String Cheese* factors support this Court exercising its discretion to enter the requested stay and to vacate the scheduling conference and related deadlines.

**A.    A stay of discovery pending resolution of Defendants' Motion to Dismiss promotes the interests to be considered under the *String Cheese* factors.**

Although the Federal Rules of Civil Procedure do not expressly address a stay of discovery, Rule 26(c) permits the Court to "make any order which justice requires to protect a party . . . from . . . undue burden or expense." Fed. R. Civ. P. 26(c). Courts in the District of Colorado often rely on Rule 26(c) to grant stays of discovery pending resolution of dispositive motions. *See, e.g.*, *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 (D. Colo. Mar. 30, 2006). In deciding whether to grant a stay of discovery, courts consider five factors: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id*. at *2. Each factor supports a stay.

1. **Plaintiffs' interests in proceeding expeditiously.** Plaintiffs seek a stay to conserve their limited resources as Defendants' pending Motion to Dismiss could result in the dismissal of all or some of their claims. Also, the scope of discovery will depend on the nature of the claims, if any, that survive Defendants' dismissal motion. Plaintiffs' interests in proceeding expeditiously would not be prejudiced by a delay in discovery pending resolution of Defendants' Motion to Dismiss. In these circumstances, District of Colorado courts have found that the first *String Cheese* factor favors a stay. *See, e.g.*, *Harris v. Startek USA, Inc.*, No. 22-cv-00437-RM-NYM, 2022 WL 2068990, at *3 (finding when the plaintiffs themselves seek a stay of discovery, the first *String Cheese* factor supports a stay).

2. **Burden on Defendants.** Defendants join in seeking a stay of discovery pending the resolution of their dismissal motion. Defendants' Motion to Dismiss, if granted, would resolve this case without the need for discovery. Because "proceeding with discovery could be wasteful [to the Defendants] if [the Court] grants the" dispositive motion, "the second *String Cheese Incident* factor weights in favor of staying discovery." *Atl. Richfield Co. v. NL Indus., Inc.*, No. 20-cv-00234-RMR-KLM, 2021 WL 5016019, at *2 (D. Colo. Oct. 19, 2021).

3. **Convenience to the Court.** Other courts in the District of Colorado have held that a stay of discovery pending resolution of a dispositive motion is desirable "to avoid expending resources in managing an action that ultimately [could] be dismissed." *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *3 (D. Colo. Jan. 7, 2010); *Lucero v. City of Aurora*, No. 1:23-cv-00851-GPG-SBP, 2023 WL 5957126, at *9 (D. Colo. Sept. 13, 2023). The parties respectfully suggest this Court's interests would likewise be

4

served by a stay in this case, including avoiding discovery disputes that might not ultimately be relevant to the action.

4. **Interests of non-parties.** Should discovery occur, the parties anticipate deposing non-parties who may have information relevant to the claims and defenses in this case. These non-parties would be unnecessarily burdened if discovery were to proceed, only for the matter to be dismissed. So the fourth *String Cheese* factor favors a stay. *See Serna v. City of Colo. Springs*, No. 23-cv-00728-DDD-MDB, 2023 WL 5017259, at *5 (D. Colo. Aug. 7, 2023) (holding that the fourth *String Cheese* factor supports a stay when "non-parties would be unduly burdened by discovery if the matter were to proceed, only for it to be later dismissed for lack of subject matter jurisdiction or otherwise").

5. **The public interest.** The public has an interest in "an efficient and just resolution" of a case. *Serna*, 2023 WL 5017259, at *5. "Avoiding wasteful efforts by the court and the litigants serves that purpose." *Woodsoon v. Armor Corr. Health Servs., Inc.*, No. 20-cv-00186-RM-KMT, 2020 WL 4041460, at *5 (D. Colo. July 17, 2020). The best way to avoid wasteful efforts by the Court and the litigants is to stay discovery pending resolution of Defendants' Motion to Dismiss, which seeks to dismiss all nine of Plaintiffs' causes of action. *See Serna*, 2023 WL 5017259, at *5 (holding that the fifth *String Cheese* factor weighed in favor of a stay because "[a] stay would promote the efficient and just resolution of the claims because the forthcoming motion could dispose of the entire case or . . . narrow the twenty-four count complaint.").

Because all five *String Cheese* factors support a stay, the Court should stay discovery pending resolution of Defendants' Motion to Dismiss (ECF No. 21).

**B.      For identical reasons, the Court should vacate the scheduling conference until the Motion to Dismiss is resolved.**

When the *String Cheese Incident* factors warrant a stay of discovery, and the court grants that stay, District of Colorado courts will usually vacate an upcoming scheduling conference. *See, e.g.*, *Richan v. Ageiss, Inc.*, No. 22-cv-01060-NYW, 2022 WL 2643565, at *4 (D. Colo. July 7, 2022) (vacating the scheduling conference, and ordering it "to be reset if appropriate"); *Tuck v. United States*, No. 21-cv-02889, 2022 WL 596277, at *6 (D. Colo. Feb. 28, 2022) (same); *Atl. Richfield Co.*, 2021 WL 5016019, at *2 (same). Because Defendants' pending Motion to Dismiss may result in the dismissal of claims and affect the deadlines set at the upcoming scheduling conference, the parties request that the Court vacate the October 19, 2023 scheduling conference and related deadlines, to be reset at a later date if appropriate.

## CONCLUSION

To avoid potentially wasting resources, the parties ask that the Court grant the parties' Joint Motion to Stay All Discovery and Vacate Scheduling Conference Pending Resolution of Motion to Dismiss.

6

DATED this 10th day of October, 2023.

| BROWNSTEIN HYATT FARBER SCHRECK, LLP | BERG HILL GREENLEAF RUSCITTI LLP |
|---|---|
| s/Matthew C. Arentsen<br>Matthew C. Arentsen, Bar No. 45021<br>Justin L. Cohen, Bar No. 44811<br>Wayne F. Forman, Bar No. 14082<br>Rosa L. Baum, Bar no. 56652<br>675 15th Street, Suite 2900<br>Denver, CO 80202<br>Telephone: (303) 223-1100<br>Email: marentsen@bhfs.com<br><br>*Attorneys for Plaintiffs* | s/ Geoffrey C. Klingsporn<br>Geoffrey C. Klingsporn<br>Josh A. Marks<br>1712 Pearl Street<br>Boulder, CO 80302<br>Telephone: (303) 402-1600<br>Email: Geoff.klingsporn@bhgrlaw.com<br>jam@bhgrlaw.com<br><br>*Attorneys for Defendants Summit County Board of County Commissioners, Elisabeth Lawrence, Tamara Pogue, and Joshua Blanchard* |

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of **OCTOBER 2023**, I electronically filed a true and correct copy of the foregoing **JOINT MOTION TO STAY ALL DISCOVERY AND VACATE SCHEDULING CONFERENCE PENDING RESOLUTION OF MOTION TO DISMISS** with the clerk of the court using the CM/ECF system which will send notification of such filing to the following counsel:

| | |
|---|---|
| Geoffrey C. Klingsporn | Geoff.klingsporn@bhgrlaw.com |
| Josh Marks | jam@bhgrlaw.com |
| Jeffrey Huntley | Jeffrey.huntley@summitcountyco.gov |
| Keely Ambrose | keely.ambrose@summitcountyco.gov |

*Counsel for Defendants*

                                                      *s/Paulette M. Chesson*
                                                      Paulette M. Chesson, Paralegal
                                                      Brownstein Hyatt Farber Schreck, LLP
                                                      675 15th Street, Suite 2900
                                                      Denver, CO 80202
                                                      303-223-1100